**JASS LAW**
Jeremy D. Jass, SBN 279466
4340 Von Karman Avenue, Suite 100
Newport Beach, CA 92660
Tel: (562) 340-6299
Fax: (562) 340-6422
jeremy@jasslaw.com

Attorneys for Plaintiff
RYAN JAMES GUE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH OBRIAN ROBINSON,<br><br>                    Plaintiff,<br><br><br><br>              vs.<br><br><br><br><br>CITY OF HEMET; C. MAKER, individually and as Police Officer #10741 for the Hemet Police Department; B. MACARTHUR, individually and as Police Officer #10643 for the Hemet Police Department; and DOES 1-10, inclusive;<br><br>                    Defendants. | Case No.: 5:23-cv-00264<br><br>**COMPLAINT FOR DAMAGES**<br><br>Violation of Civil Rights<br>(42 U.S.C. § 1983)<br>*Monell* Claim<br>(42 U.S.C. § 1983)<br>Assault and Battery<br>Negligence<br>Violation of State Civil Rights<br>(Cal. Civ. Code §§ 52, 52.1)<br>Statutory Liability<br>(Gov't Code § 815.2)<br><br><br>**DEMAND FOR JURY TRIAL**<br><br><br>(Amount demanded exceeds $25,000) |

---

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

1

1

2

3        COMES NOW Plaintiff, KEITH OBRIAN ROBINSON, and alleges as

4   follows:

5                                **PARTIES**

6        1.     Plaintiff KEITH OBRIAN ROBINSON, at all times herein

7   mentioned, was a resident of the County of Riverside, State of California.

8        2.     Defendant, CITY OF HEMET ("the City"), is an incorporated

9   municipality organized and existing under the laws of the State of California and

10  wholly located within the State of California. At all times herein mentioned,

11  Defendant CITY possessed the power and authority to adopt policies and prescribe

12  rules, regulations and practices affecting the operation of the Hemet Police, and

13  particularly said Department's Patrol, Internal Investigations, Training and

14  Personnel Divisions and other operations and subdivisions presently unidentified to

15  Plaintiff, and their tactics, methods, practices, customs, and usages related to their

16  dealings with the use and deployment of dangerous weapons, the use of force, the

17  powers of arrest by its rank and file, internal investigations, personnel supervision

18  and meaningful records review and maintenance.

19       3.     The Hemet Police Department ("the Department") is an operating

20  department of the CITY.

21       4.     Defendant C. MAKER ("MAKER") is a Police Officer with the

22  Hemet Police Department. He maintained this position at all times relevant to these

23  claims. In doing the things alleged herein, MAKER acted under color of state law,

24  and within the course and scope of his employment.

25       5.     Defendant B. MACARTHUR ("MACARTHUR") is a Police Officer

26  with the Hemet Police Department. He maintained this position at all times

27  relevant to these claims. In doing the things alleged herein, MACARTHUR acted

28  under color of state law, and within the course and scope of his employment.

---

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

6.    Defendant DOES 1 through 10 are not known or identified at this time.  On information and belief, Plaintiff alleges that each Doe is in some manner responsible for the wrongs alleged herein, and that each such Defendant advised, encouraged, participated in, ratified, directed, or conspired to do, the wrongful acts alleged herein.  When the true names and capacities of said Defendants become known, Plaintiff will seek relief to amend this complaint to show their true identities in place of their fictitious names as DOES 1 through 10. Defendants, and each of them, were the agents, employees and servants of every other Defendant. Defendants acted in the course and scope of said agency, service and employment at all relevant times.

7.    At all times herein mentioned, Defendants MAKER, MACARTHUR, and DOES 1-10, inclusive, and each of them, were employees of the Hemet Police Department.

8.    At all times relevant, each individual Defendant was acting within the course and scope of their employment as Police Officers of the CITY, and under the color of state law, and as the employee, agent and representative of each and every other Defendant.

9.    Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as a DOE is intentionally and negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages as herein alleged. The true names and capacities of DOES 1 through 10, inclusive, and each of them, are not now known to Plaintiff who therefore sues said Defendants by such fictitious names, and Plaintiff will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

10.    Wherever appearing in this Complaint, each and every reference to Defendants, or any of them, is intended to include, and shall be deemed to include,

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

all fictitiously named Defendants. Wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegation and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and severally. Wherever reference is made in this Complaint to individuals who are not named as a Defendant in this Complaint, but were the agents, servants, employees, and/or supervisors of Defendants, such individuals at all relevant times acted on behalf of Defendants within the scope of employment.

11.     Plaintiff is informed and believes, and thereon alleges, that at all times relevant to the Complaint, each Defendant, including Defendants designated as DOES 1-10, inclusive, was completely dominated and controlled by his/her/its co-Defendants and was the alter ego of the other as to all events relevant to the Complaint.

12.     Defendants, and each of them, did the acts and omissions hereinafter alleged in bad faith and with knowledge that their conduct violated well established and settled law.

## FACTUAL ALLEGATIONS

13.     On or about February 22, 2021, Plaintiff was at home in his apartment, where he lives with his mother, in the City of Hemet.

14.     Plaintiff's mother, Tonya Nuckols-Williams was the victim of domestic violence where she was shoved to the ground. Plaintiff attempted to help his mother off the ground but was unable to. The paramedics responded and assisted Plaintiff's mother off the ground and onto a chair where they examined her. After approximately 10 minutes the Paramedics left.

15.     Plaintiff and his mother then sat on the couch and had dinner. After dinner Plaintiff's mother went to shower and Plaintiff took the trash out of the apartment.

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

16.     After Plaintiff took the trash out a neighbor asked Plaintiff to open the gate to the front of the apartment complex for him.

17.     As Plaintiff was opening the door to the front gate Defendant MAKER arrived and asked Plaintiff about the apartment complex address and apartment numbers. Plaintiff asked Defendant MAKER who he was looking for.

18.     Defendant MAKER then asked for Plaintiff's identification. Plaintiff did not have his identification on him, but began to walk towards his apartment to retrieve it for Defendant MAKER.

19.     Defendant MAKER then went to grab Plaintiff and Plaintiff became fearful that Defendant MAKER thought Plaintiff was someone else and that Defendant MAKER was arresting the wrong person. Plaintiff tried to move towards his apartment to show Defendant MAKER his identification.

20.     Defendant MAKER began to attempt to grab onto and grapple Plaintiff. Plaintiff began to fear for his own safety and tried to flee from his attacker.

21.     Defendant MAKER began punching Plaintiff in the face with a closed fist. Defendant MAKER ordered Plaintiff to get on the ground, and Plaintiff complied by getting onto his knees. Defendant MAKER than got behind Plaintiff and shoved Plaintiff's shoulder causing Plaintiff to fall to the ground face first with great force and began striking Plaintiff again with a closed fist.

22.     At about this same time, one of Plaintiff's neighbors went to his apartment to let Plaintiff's mother know that Plaintiff was being attacked by a police officer.

23.     Plaintiff's mother exited her apartment and found her son (Plaintiff) laying in a fetal position while being punched by Defendant MAKER. Ms. Nuckols-Williams began to yell to the officer that Plaintiff is a disabled adult, and pleaded with Defendant MAKER to stop.

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

24.     Plaintiff was able to get to his feet, and again attempted to flee from his attacker. Plaintiff ran towards his mother and positioned himself behind her. Defendant MAKER pointed his taser at Plaintiff's mother's chest and told her, "Don't fucking move!"

25.     At this point neighbors and bystanders had observed the interaction between Defendant MAKER and Plaintiff, and began to yell at Defendant MAKER that Plaintiff is disabled, and that he is arresting the wrong guy.

26.     Plaintiff began to run away and Defendant MAKER fired his taser at Plaintiff striking him in the back. Plaintiff fell to the ground.

27.     Defendant MACARTHUR arrived and joined Defendant MAKER in attacking Plaintiff. Defendant MACARTHUR used his knee and fists to strike Plaintiff in the torso and face, while Defendant MAKER continued to strike Plaintiff on the face and torso with closed fists. During which bystanders continue to yell that the officers were using too much force, that Plaintiff was disabled, and that they have the wrong guy.

28.     After being struck multiple times, Plaintiff was handcuffed and arrested for violating Penal Code section 148 – resisting, delaying, or obstructing a police officer. Plaintiff was transported to Hemet Valley Hospital then to Hemet Police Department Jail and then to Riverside County Jail.

29.     Plaintiff was not convicted of the charges made against him.

30.     Plaintiff was assaulted and battered by Defendants while unarmed and attempting to flee from Defendants. At no time during the during Defendants attack on Plaintiff, did Plaintiff make any threats against Defendants, nor did he make any threatening verbal gestures or movements towards Defendants. Defendants deployment of force against Plaintiff was unnecessary, unreasonable, and excessive without justification.

31.     Due to Defendants atrocious actions, Plaintiff has suffered extensive physical and emotional injuries, including but not limited to, injuries to his back,

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

torso, chest, face, head, anxiety, paranoia, post-traumatic stress disorder, nightmares, fear, inconvenience, pain and suffering. Plaintiff's injuries continue, and he requires ongoing medical treatment.

32.    At the time he was assaulted and battered, and suffered unreasonable, unnecessary, and excessive force, Plaintiff was unarmed, defenseless, and made no furtive movements or gestures whatsoever and was in a completely non-threatening position.

33.    The Defendants' brutal treatment of Plaintiff caused him to fear for his life and caused Plaintiff serious physical injury.

34.    Defendants, and each of them, acted under color of state law as law enforcement officers of the Hemet Police Department.

35.    The Defendants' actions were reckless and callously indifferent to the Plaintiff's federal and state protected rights.

36.    The use of force against the Plaintiff was the result of the policy, practice and custom of the Hemet Police Department to inadequately supervise and discipline law enforcement officers who use excessive force, including deadly force.

37.    The inadequate supervision and discipline of Police Officers by the City of Hemet has led to the unnecessary and illegal use of excessive force, including deadly force.

38.    The policy, practice and custom of the City of Hemet is that when officers use excessive force, other officers do not intervene to prevent the use of the illegal force, do not arrest the officer engaging in the illegal activity, and do not report the illegal activity.

39.    The policy, practice and custom of the City of Hemet with respect to allegations of excessive force reported by citizens, is to conduct a minimal investigation designed to exonerate the officers involved rather than discover the true facts of the incident.

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

40.     As a result of this code of silence adhered to by City of Hemet and the inadequate investigation of allegations of the use of excessive force, officers reasonably conclude that their use of excessive force will not result in discipline, termination, or criminal prosecution against them.

41.     The above policies and practices have resulted in a culture of violence in which the use of excessive force is an accepted and customary part of police work in the City of Hemet.

## COMPLIANCE WITH GOVERNMENT TORT CLAIMS ACT

42.     Plaintiff complied with the requirements of *Government Code* section 905 by presenting a claim to the CITY within six months of the date of the incident. The CITY never rejected Plaintiff's claim, subjecting Plaintiff to the two years statute of limitations pursuant to *Code of Civil Procedure* sections 335.1. *Gov't Code* § 945.6(a)(2); *Paniagua v. Orange County Fire Auth.* (2007) 149 Cal.App.4th 83, 87-88; *Ocean Services Corp. v. Ventura Port Dist.* (1993) 14 Cal.App.4th 1762, 1778.

## INCORPORATION BY REFERENCE

43.     Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1 through 42, inclusive, of this Complaint, and by this reference incorporates the same into each cause of action herein.

## FIRST CAUSE OF ACTION

### (VIOLATION OF CIVIL RIGHTS – 42 U.S.C. § 1983 – Unreasonable Seizure, Excessive and Deadly Force)

### Against Defendants MAKER, MACARTHUR, AND DOES 1-10, inclusive.

44.     Commencing at or about the aforementioned date and place, without cause or justification, and acting under color of law, Defendants MAKER, MACARTHUR, and DOES 1 through 10, and each of them, intentionally and maliciously deprived Plaintiff of his rights secured to him by the Fourth and Fourteenth Amendments to the United States Constitution in that Defendants and

---

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

each of them, subjected Plaintiff to unreasonable, unnecessary and excessive force during his arrest even though no strong government interest compelled the need for the police officers to use force, especially the use of deadly force, including but not limited to doing the following:

      a.    Defendants used deadly force even though Plaintiff had not committed a serious crime, and even though he did not pose a threat of death or serious physical injury to the officers or to others;

      b.    Defendants MAKER and MACARTHUR violently and viciously beat Plaintiff while Plaintiff was unarmed, had nothing in his hands, and was running away from Defendants posing no threat to Defendants or anyone else.

      c.    The force used was deadly because repeatedly punching a person in the face a person is reasonably likely to cause serious bodily injury and/or death.

      e.    Plaintiff did not and could not have posed a threat to Defendants because he was unarmed, unthreatening, and running away. Further, when Plaintiff was struck he was in a position of submission, and had no weapon in his possession or on his person justifying the use of force against him.

45.    At all times during the events described herein, Defendants MAKER, MACARTHUR, and DOES 1 through 10, and each of them assisted each other in performing the various action described and lent their physical presence and support and authority of their office to each other during the event and engaged in a conspiracy to cover up the excessive use of force, by among other things, claiming that Plaintiff was resisting them.

46.    The unreasonable use of deadly force by Defendants MAKER, MACARTHUR, and DOES 1 through 10, and each of them, deprived Plaintiff of his right to be secure in his person against unreasonable searches and seizures as

---

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

47.     As a legal result of Defendants' acts and omissions as described, Plaintiff suffered extreme pain and suffering. Plaintiff suffered serious physical injuries and incurred medical bills for health care services necessary to treat those injuries. Plaintiff continues to experience pain and suffering from the injuries he sustained at the hands of Defendants.

48.     The aforementioned acts and omissions of Defendants were committed by each of them knowingly, willfully and maliciously, with the intent to harm, injure, vex, harass, and oppress Plaintiff, with a conscious disregard of Plaintiff's constitutional rights and conscious and deliberate indifference to the risk of death to Plaintiff, and by reason thereof, Plaintiff seeks punitive and exemplary damages from Defendants, and each of them, (except Defendant CITY) in an amount as proved.

## SECOND CAUSE OF ACTION

### (UNLAWFUL CUSTOM AND PRACTICE UNDER 42 U.S.C. § 1983)
### Against Defendants CITY, and DOES 1 through 10, inclusive.

49.     Plaintiff is informed and believes, and based thereon alleges, that on February 22, 2021, and for some time prior thereto, Defendants CITY, and DOES 1 through 10, inclusive, with deliberate indifference towards the civil rights of persons residing in or passing through the City of Hemet, knowingly and willfully did maintain, enforce, and apply a custom, practice, policy and usage tending to encourage, promote, sanction, tolerate and ratify the abuse of authority, and the use of unreasonable, unnecessary and excessive force by law enforcement personnel they employed in the Hemet Police Department.

50.     At all times herein mentioned, Defendants DOES 1 through 10, and each of them, were employees acting under Defendant CITY's direction and control, who knowingly and intentionally promulgated, maintained, applied,

---

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

enforced and suffered the continuation of policies, customs, practices and usages in violation of the Fourth and Fourteenth Amendments to the United States Constitution, which customs, policies, practices and usages at all times herein mentioned required and encouraged the employment, deployment and retention of persons as peace officers who have demonstrated their brutality, dishonesty, and numerous other serious abuses of their powers as peace officers in the employment of the CITY.

51.   Defendants CITY, and DOES 1 through 10, inclusive, have demonstrated their deliberate indifference to widespread law enforcement abuses by failing and refusing to impartially investigate personnel complaints, failing to discipline or prosecute peace officers who commit acts of felonious dishonesty and crimes of violence.

52.   The unconstitutional policies, practices or customs promulgated, sanctioned or tolerated by Defendants CITY, and DOES 1 through 10 include, but are not limited to:

a.   Hiring and retaining law enforcement personnel, including Defendants MAKER, MACARTHUR, and DOES 1 through 10, who lack sufficient mental, emotional and intellectual character, temperament, capacity or disposition to exercise sound judgment when exercising their authority as peace officers;

b.   Defendants CITY, and DOES 1 through 10 had knowledge, prior to and since this incident, of repeated allegations against its police officers of abuse and assaultive misconduct toward detainees and arrestees. Specifically, CITY, and DOES 1 through 10 knew Defendants had in the past committed acts of law enforcement abuse, dishonesty and prevarication;

c.   Despite the CITY, and DOES 1 through 10's knowledge of abuse and misconduct, it failed or refused to enforce established administrative procedures, to ensure the safety of detainees and arrestees;

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

11

d.      Defendants CITY, and DOES 1 through 10 failed to adequately train and educate police officers in the use of reasonable and proper force and failed to enforce the DEPARTMENT's written regulations with respect to uses of force;

e.      Defendants CITY, and DOES 1 through 10, encouraged, condoned, failed to enforce the DEPARTMENT's written regulations with respect to the laws and procedures of arrest, and refused to re-train police officers who arrested citizens without probable cause and who used arrests as punishments for perceived "contempt of cop" and for citizens' exercise of their First Amendment rights;

f.      Defendants CITY, and DOES 1 through 10 failed to adequately monitor and supervise the actions of officers under their control and guidance;

g.      Defendants CITY, and DOES 1 through 10 refused to competently and impartially investigate allegations of abuse and misconduct alleged to have been committed by Hemet Police Department police officers;

h.      Defendants CITY, and DOES 1 through 10 refused to adequately discipline individual police officers and employees found to have committed similar acts of abuse and misconduct;

i.      Defendants CITY, and DOES 1 through 10 rewarded police officers who displayed aggressive and abusive behavior towards detainees and arrestees;

j.      Defendants CITY, and DOES 1 through 10 reprimanded, threatened, intimidated, demoted and fired police officers and employees who reported acts of abuse by other police officers;

k.      Defendants CITY, and DOES 1 through 10 condoned and encouraged a conspiracy of silence among their employees for the purpose

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

of concealing and furthering wrongful and illegal conduct by their employees;

l.      Defendants CITY, and DOES 1 through 10 fostered and encouraged an atmosphere of lawlessness, abuse and unconstitutional misconduct, as to encourage their police officers to believe that improper arrest of residents of the City of Hemet, or persons present therein, the excessive and improper use of force, the submission of false police reports, and the commission of perjury was permissible and would be tolerated, and to believe that the unlawful acts of falsification of evidence and perjury would be overlooked without discipline or other official ramifications.

53.     Said policies, procedures, customs and practices called for the CITY and its Police Department not to discipline, prosecute, or objectively and /or independently investigate or in any way deal with, or respond to, known incidents and complaints of excessive and improper use of force, false arrest, falsification of evidence, the preparation of false police reports to justify, cover up and conceal wrongful conduct by police officers of the Department. Defendants demonstrated their deliberate indifference to the unconstitutional conduct by their failure to adequately train and more closely supervise or re-train police officers and/or discipline or recommend prosecution of those police officers who in fact improperly used such force, falsified evidence, submitted false and misleading police reports, and/or committed perjury.

54.     Said policies, procedures, customs and practices also called for and led to the refusal by Defendants, and each of them, to investigate complaints of previous incidents of excessive and improper use of force, the filing of false police reports to conceal such misconduct, the falsification of evidence and perjury; and instead, officially claim that such incidents were justified and proper.

55.     Said policies, procedures, customs and practices of Defendants, and each of them, evidenced a deliberate indifference to the violations of the

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

13

constitutional rights of Plaintiff. This indifference was manifested by the failure to change, correct, revoke or rescind said policies, procedures, customs and practices in light of prior knowledge by Defendants, and each of them, and their subordinate policymakers, of indistinguishably similar incidents of excessive and improper use of force, falsification of evidence, submission of false police reports and perjury.

56.    Defendants, and each of them, demonstrated their deliberate indifference to the civil rights of minority groups and other victims of the Hemet Police Department's unlawful arrest, falsified evidence, false and misleading police reports and false and perjurious testimony by ignoring the history and pattern of prior civil lawsuits alleging civil rights violations arising from such misconduct and the related payment of damages to such individual.

57.    Defendants, and each of them, demonstrated their deliberate indifference by an absence of or by maintenance of an inadequate system of use of force tracking, and maintenance of an inadequate system of officer discipline and independent and objective investigation by the CITY and its Police Department which failed to identify and investigate instances of false and unlawful arrests, falsification of evidence, submission of false police reports and perjury.

58.    Other system deficiencies which indicated and continue to indicate, a deliberate indifference to civil rights violations by police officers of the Hemet Police Department include:

a.    Preparation of investigative reports designed to vindicate and/or justify excessive and improper use of force;

b.    Preparation of investigative reports which uncritically rely solely on the word of Santa Monica police officers involved in unlawful arrests or improper use of force which systematically fail to credit testimony by non-officer witnesses;

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

14

c.  Preparation of investigative reports which omit factual information any physical evidence which contradicts the accounts of the police officers involved;

d.  Failure to maintain centralized department-wide systems for the tracking and monitoring of tort claims and lawsuits alleging false arrests, excessive and improper use of force, planting of evidence, perjury, abuse of authority, and other similar misconduct by individual police officers so as to identify those police officers who engage in a pattern of abuse of law enforcement authority and law enforcement misconduct.

59.  Defendants, and each of them, also maintained a system of grossly inadequate training pertaining to lawful arrests, reasonable use of force, law enforcement ethics, the law pertaining to searches and seizures, testifying in trial and perjury, the collection of evidence, and the preparation of police reports.

60.  Defendants, and each of them, demonstrated their deliberate indifference to the victims of the Hemet Police Department's unlawful arrests, excessive and improper uses of force, and perjury by failing to implement an officer discipline system which would conduct meaningful and independent investigations of citizen complaints of excessive force, falsified evidence, evidence tampering, authoring and filing of false and misleading police reports, and the presentation of false testimony at trial.

61.  The foregoing acts, omissions, and systematic deficiencies are policies and customs of Defendants, and each of them, which caused, permitted and/or allowed, and ratified under official sanction Defendants MAKER, MACARTHUR, and DOES 1 through 10, inclusive, to believe that excessive and improper uses of force, evidence falsification, false arrests and the filing of false and misleading police reports, and the commission of perjury would not be objectively, thoroughly and/or properly investigated, all with the foreseeable result that defendants' police officers would improperly use force on arrestees, falsify evidence, abuse and

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

improperly punish post-arrest detainees, submit false and misleading police reports, and commit perjury, and thereby violate the civil rights of the citizens of this State with whom said police officers would come into contact.

62.   By reason of the aforesaid policies, customs, practices and usages, Plaintiff was deprived of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

63.   As a legal result of Defendants' acts and omissions as described, Plaintiff suffered extreme pain and suffering. Plaintiff suffered serious physical injuries and incurred medical bills for health care services necessary to treat those injuries. Plaintiff continues to experience pain and suffering from the injuries he sustained at the hands of Defendants.

64.   By reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff suffered severe mental anguish, emotional distress, and financial losses, all to Plaintiff's damage in a sum according to proof.

## **THIRD CAUSE OF ACTION**
### **(ASSAULT AND BATTERY)**
#### **Against All Defendants.**

65.   At or about the dates, time and places alleged herein, Defendants, without provocation, warrant, necessity, or legal justification, assaulted and battered Plaintiff unarmed, with empty hands, and without threatening them in any way, and did subject Plaintiff to verbal threats and unnecessary, unreasonable and excessive force and violence, thereby causing Plaintiff's injuries as herein described.

66.   Plaintiff is informed and believes, and upon such information and belief alleges, that defendants, CITY, MAKER, MACARTHUR, and DOES 1 through 10, and each of them, are responsible for implementing, maintaining, sanctioning, ratifying and/or condoning a policy, custom, or practice under which the individual Defendants committed the aforementioned illegal and wrongful acts.

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

67.     Defendants CITY, and DOES 1 through 10, and each of them, are vicariously liable for the injuries and damages to Plaintiff because they knew or should have known of the customs, practices, policies and acts of the individual Defendant police officers who caused Plaintiff's injuries, and authorized and acquiesced in such customs, practices and policies and the commission of such acts.

68.     As a legal result of Defendants' acts and omissions as heretofore described, Plaintiff  suffered serious injuries and incurred medical bills for health care services necessary to treat those injuries.

69.     Defendants, and each of them, committed the aforementioned acts and omissions knowingly, willfully and maliciously, and with the intent to harm, injure, vex, harass and oppress Plaintiff with conscious disregard to Plaintiff's known rights and deliberate indifference to the risk of injury to Plaintiff. By reason thereof, Plaintiff seeks punitive and exemplary damages from Defendants individually, (except the CITY) in an amount according to proof.

70.     Except as provided by statute, a public entity is liable for injury caused by his act or omission to act to the same extent as a private person. *Gov't Code* § 820.

71.     The CITY is liable for injuries proximately caused by acts or omissions by its employees while acting within the course and scope of their employment if the act or omission would have given rise to a cause of action against that employee of his personal representative. *Gov't Code* § 815.2.

72.     On or about the dates, time and places alleged herein, Defendants MAKER, MACARTHUR, and DOES 1 through 10, inclusive, while acting in the course and scope of their employment as Hemet Police Officers or other government officials, and under color of state law, did commit the acts and omissions described above.

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

73.     Defendants' acts and omissions as heretofore described, proximately caused Plaintiff's serious injuries.

74.     Accordingly, the CITY is liable to Plaintiff, for his injuries, for each and every act and omission listed above that proximately caused said injuries. By reason thereof, Plaintiff seeks special and general damages from Defendant CITY, in an amount according to proof.

<u>**FOURTH CAUSE OF ACTION**</u>

**(NEGLIGENCE)**

**Against All Defendants**

75.     On or about the dates, time and places alleged herein, Defendants were charged with the duty to protect and serve the citizens of Hemet, including ensuring their safety. Plaintiff is informed and believes that Defendants had received training as police officers to use good judgment and use sound and reasonable police practices toward that end. Defendants also owed the public, including Plaintiff, the duty to not cause harm.

76.     Defendants, and each of them, breached these duties by injuring Plaintiff, and in doing so they negligently, carelessly and/or recklessly failed to employ reason and restraint, effective communication techniques, proper control holds, and other similar methods inherent in their employment and training that were available to them, to ensure Plaintiff's safety. To wit, Defendants MAKER, MACARTHUR, and DOES 1 through 10 used improper tactics against Plaintiff and escalated the need to use force, and increased the use of force under situations likely to exacerbate the situation instead of controlling it and protecting Plaintiff's safety.

77.     In committing the acts and omissions heretofore described Defendants MAKER, MACARTHUR, and DOES 1 through 10 were negligent in their use of force against Plaintiff, including the grabbing, tackling, fist strikes, knee strikes, and taser deployment.

---

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

78.     Defendant CITY engaged in negligent hiring practices that allowed Defendants MAKER, MACARTHUR, and DOES 1 through 10 to be hired as police officers when they were unfit for such positions. Defendant CITY was further negligent in failing to properly supervise MAKER, MACARTHUR, and DOES 1 through 10 and prevent them from negligently assaulting and battering Plaintiff.

79.     As a legal result of Defendants' acts and omissions as heretofore described, Plaintiff was injured.

80.     As a legal result of Defendants' acts and omissions as heretofore described, Plaintiff suffered serious injuries and incurred medical bills for health care services necessary to treat those injuries.

81.     Defendants, and each of them, committed the aforementioned acts and omissions knowingly, willfully and maliciously, and with the intent to harm, injure, vex, harass and oppress Plaintiff with conscious disregard to Plaintiff's known rights and deliberate indifference to the risk of injury to Plaintiff. By reason thereof, Plaintiff seeks punitive and exemplary damages from Defendants individually, (except the CITY) in an amount according to proof.

82.     Except as provided by statute, a public entity is liable for injury caused by his act or omission to act to the same extent as a private person. *Gov't Code* § 820.

83.     The CITY is liable for injuries proximately caused by acts or omissions by its employees while acting within the course and scope of their employment if the act or omission would have given rise to a cause of action against that employee of his personal representative. *Gov't Code* § 815.2.

84.     On or about the dates, time and places alleged herein, Defendants MAKER, MACARTHUR, and DOES 1 through 10, inclusive, while acting in the course and scope of their employment as Hemet Police Officers or other

---

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

government officials, and under color of state law, did commit the acts and omissions described above.

85.    Defendants' acts and omissions as heretofore described, proximately caused Plaintiff's serious injuries.

86.    Accordingly, the CITY is liable to Plaintiff, for his injuries, for each and every act and omission listed above that proximately caused said injuries. By reason thereof, Plaintiff seeks special and general damages from Defendant CITY, in an amount according to proof.

**FIFTH CAUSE OF ACTION**

**(VIOLATION OF TOM BANE CIVIL RIGHTS ACT**

**[California Civil Code § 52, 52.1])**

**Against All Defendants**

87.    On or about the dates, time and places alleged herein, Defendant police officers, while acting in the course and scope of their employment as Hemet officers, and under color of state law, did deprive Plaintiff of his liberty and rights secured to him by the Fourth and Fourteenth Amendments of the United States Constitution, by Article 1, §13 of the California Constitution and Civil Code § 52 and 52.1, to be free from violence and intimidation, in that on or about said date, time and places said Defendants knowingly and willfully, and without warrant or legal justification and for the purpose of harassing, intimidating, humiliating and inflicting injury, pain and suffering upon Plaintiff, said defendants did assault, batter, and beat Plaintiff on his head, neck, face, shoulder, and body, subjecting Plaintiff to threats of violence and unnecessary, unreasonable and excessive force, as said Defendants at all material times knew or reasonably should have known, were all without provocation, warrant, necessity or legal justification, thereby causing serious injuries to Plaintiff.

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

20

88.     As a legal result of Defendants' acts and omissions as heretofore described, Plaintiff suffered serious injuries and incurred medical bills for health care services necessary to treat those injuries.

89.     The aforementioned acts and omissions of Defendants were committed by each of them knowingly, willfully and maliciously, with the intent to harm, injure, vex, harass and oppress Plaintiff with a conscious disregard of Plaintiff's constitutional rights and by reason thereof, Plaintiff seeks punitive damages from Defendants, and each of them, (except Defendant CITY) in an amount as proved.

## SIXTH CAUSE OF ACTION

### (PUBLIC ENTITY LIABILITY – GOV'T CODE §§ 820, 815.2)

### Against Defendant CITY.

90.     Except as provided by statute, a public entity is liable for injury caused by his act or omission to act to the same extent as a private person. *Gov't Code* § 820.

91.     The CITY is liable for injuries proximately caused by acts or omissions by its employees while acting within the course and scope of their employment if the act or omission would have given rise to a cause of action against that employee of his personal representative. *Gov't Code* § 815.2.

92.     On or about the dates, time and places alleged herein, Defendants MAKER, MACARTHUR, and DOES 1 through 10, inclusive, while acting in the course and scope of their employment as Hemet Police Officers or other government officials, and under color of state law, did commit the acts and omissions described above.

93.     Defendants' acts and omissions as heretofore described, proximately caused Plaintiff's serious injuries.

---

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

94.     Accordingly, the CITY is liable to Plaintiff, for his injuries, for each and every act and omission listed above that proximately caused said injuries. By reason thereof, Plaintiff seeks special and general damages from Defendant CITY, in an amount according to proof.

## PRAYER

WHEREFORE, Plaintiff prays judgment against Defendants and each of them, as follows:

AS TO EACH CAUSE OF ACTION AS APPLICABLE

1.     For General damages according to proof;

2.     For Special damages according to proof;

3.     For Exemplary damages as provided by law, in an amount to be proved against each individual Defendant;

4.     For Civil Penalties pursuant to Civil Code § 52;

5.     For Attorney's Fees pursuant to 42 U.S.C. § 1988 and Civil Code §§ 52 and 52.1;

6.     For Costs of suit;

7.     For such other and further relief as the Court may deem proper.


DATED:  February 17, 2023          JASS LAW

By:  _____
     Jeremy D. Jass
     Attorneys for Plaintiff
     KEITH OBRIAN ROBINSON

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

## **DEMAND FOR JURY TRIAL**

Plaintiff KEITH OBRIAN ROBINSON hereby demands a trial by jury.

DATED:  February 17, 2023          JASS LAW

By:  _____
          Jeremy D. Jass
          Attorneys for Plaintiff
          KEITH OBRIAN ROBINSON

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL